# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VLADMIR, LTD., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-08-CV-0819 XR |
| PACIFIC PARTS SUPPLY CO., INC., | § | |
| and DELMER E. ROGHAIR, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO COMPEL (DOCKET #30)

The matter before the Court is plaintiff's motion to compel, defendants' response and plaintiff's reply (docket entries 30, 33, and 35). This matter was referred to me for disposition by the District Judge on June 4, 2009. I held a hearing on the motion this date and heard additional arguments from the parties.

The motion concerns requests for production directed to both defendants, Pacific Parts Supply and Delmer Roghair, on March 30, 2009. Defendant Roghair has to date neglected to file any response to the discovery requests. Defendant Pacific Parts responded with numerous objections. Plaintiff argues that the objections raised by Pacific Parts should be overruled and asks the Court to find Roghair has waived any and all objections by his failure to respond in any way to the discovery.

After considering the arguments of counsel, I will grant the motion to compel as to both defendants. The documents requested are reasonably calculated to lead to the discovery of admissible information concerning the claims at issue, including breach of contract, fraud, negligent

1

misrepresentation, and DTPA and warranty violations by both defendants. F.R.Civ.P. 26(b)(1). **See** First Amended Complaint, Docket entry 12. I specifically find that the production requests which seek documents reflecting asset transfers between defendants and defendant Roghair and his family members are sufficiently relevant to plaintiff's claims of fraudulent transfer.[1] Those production requests which involve distribution[2] of capacitors to third parties by Pacific Parts and the payments received from third parties for those services are relevant to issues of whether the capacitors delivered were faulty and whether defendant ultimately received payment from the third parties for those capacitors. The other documents sought through this discovery fall within the broad definition of relevance found in the federal discovery rules. Any objections based on confidentiality are obviated by the confidentiality agreement which the parties have entered into.

Accordingly, the motion to compel is ORDERED GRANTED. Defendants are ORDERED to respond to the production requests no later than July 14, 2009.

**SIGNED** on July 1, 2009.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has recently requested leave to amend to add a specific claim against defendant Roghair based on alter ego liability which if granted also supports discovery of asset transfers between these entities.

[2] The requests at issue ask for documents relating to the "sale" of capacitors to third parties Burke, Reem and Fergeson. In light of the discussion at the hearing today involving the role Pacific Parts played in the transaction between plaintiff and the manufacturer of the capacitors in China, I understand the scope of the request to actually include "Any and all documents evidencing or relating to the sale **or distribution** of capacitors by Defendant Pacific Parts to" the third parties.

2