IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VLADMIR, LTD. | § | |
| | § | |
| PLAINTIFF | § | |
| v. | § | CIVIL ACTION NO. SA-08-CV-0819-XR |
| | § | |
| PACIFIC PARTS SUPPLY CO., INC. AND | § | |
| DELMER E. ROGHAIR | § | |
| | § | |
| DEFENDANTS | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR
LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY**

NOW COMES PLAINTIFF, **VLADMIR, LTD.** ("**Vladmir**") and submits the following Response to Defendants' for Motion to Leave to Designate Responsible Third Party.

**I.      INTRODUCTION**

The Defendants have known since before this lawsuit began that Vladmir alleged that the capacitors in question were defective. Despite this fact, which has never been disputed, the Defendants took no meaningful action to require the Chinese manufacturer to accept a return of the entire lot of the defective products. Now, after litigating this matter for over a year, and after the deadlines to complete discovery and add additional parties have passed,[1] Defendants seek to designate the manufacturer and its alleged agent as responsible third parties. The Defendants motion fails on several grounds. First, the causes of action alleged against Vladmir do not fall within the

---

[1] The deadline to complete discovery was August 31, 2009. *See* Docket No. 47. The deadline to add additional parties was January 16, 2009. *See* Docket No. 32. Defendants' Motion is based, in part, on Federal Rule of Civil Procedure 14. That rule appears inapplicable as the Defendants have not

provisions of Chapter 33 of the Texas Civil Practice and Remedies Code. Second, the Defendants Motion fails to plead sufficient facts concerning the alleged responsibility of the manufacturer to satisfy the applicable pleading requirements of the Texas Rules of Civil Procedure. Accordingly, the Motion for Leave should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. Texas Law on Designation of Responsible Third Parties.

Chapter 33 of the Texas Civil Practice and Remedies Code apportions responsibility among those responsible for damages in "***any cause of action based on tort***" or any action brought under the Deceptive Trade Practices Act in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought. *See* TEX. CIV. PRAC. & REM. CODE § 33.002(a)(1). Not all cases are subject to the provisions of Chapter 33. *Compare Southwest Bank v. Info. Support Concepts, Inc.*, 149 S.W.3d 104, 111 (Tex. 2004) (holding the UCC scheme of responsibility displaces that of chapter 33) *with JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 705 (Tex. 2008) (holding negligence, products-liability, and breach-of-warranty causes of action seeking damages for death or personal injury is subject to Chapter 33). In attempting to determine if the "claim sounds in tort" it is necessary to examine the damages alleged. If the damages are purely economic, the claim sounds in contract. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). *But see Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999) (holding breach of implied warranty claim alleging damages for death or personal injury sounds in tort).

### B. Vladmir's Claims Do Not Sound in Tort.

Here, the Defendants seek to escape liability for Vladmir's economic damages by claiming to

---

sought to assert third-party claims against the Chinese manufacturer.

-2-

be an innocent seller. Under Section 2.103 of the Texas Business & Commerce Code, Defendant, Pacific Parts is a "seller," which is defined as "a person who sells or contracts to sell goods." TEX. BUS. & COM. CODE § 2.103. Based on the actions of the Defendants both before and after it sold capacitors to Vladmir, Vladmir asserted claims against the Defendants for: (1) breach of contract;[2] (2) common law fraud and fraudulent inducement; (3) negligent misrepresentation; (4) violations of the Texas Deceptive Trade Practices Act; (4) breach of warranty; (5) revocation of acceptance;[3] and (6) alter ego. *See* Docket No. 44. None of Vladmir's claims sound in tort.

Under all of its non-contract claims,[4] Vladmir seeks solely economic losses. *See* Vladmir's Initial Disclosures, attached hereto as Exhibit A; *see also* Defendants' Motion for Partial Summary Judgment on Vladmir's Fraud Counts, Docket No. 51 at p. 4 ("Plaintiff claims actual damages for the failed capacitors, loss of sales and collateral costs"). Economic losses are those that are not in themselves a consequence of personal injury of death. *See Mills v. Warner-Lampert, Co.*, 581 F. Supp, 772, 792 (E.D. Tex. 2008) (citing William Powers, Jr. & Margaret Niver, *Negligence, Breach of Contract, and the "Economic Loss" Rule,* 23 TEX. TECH. L. REV. 477, 478 (1992)). Since Vladmir's claims do not sound in tort, Chapter 33 in inapplicable.

Recognizing the fatal flaws in its Motion, the Defendants do not address the various claims alleged by Vladmir or the fact that Vladmir seeks solely economic losses. Instead, the Defendants attempt to argue that the designation is proper because it did not manufacturer the capacitors. While technically correct, Vladmir contracted directly with the Defendants. It has no relationship whatsoever with the manufacturer or its purported agent. Having never disputed that the capacitors

---

[2]Vladmir's breach of contact claim is not subject to Chapter 33. *See Doncaster v. Hernaiz*, 161 S.W.3d 594, 604 (Tex. App.—San Antonio 2005, no pet.).

[3]*See* Tex. Bus. & Com. Code Section 2.601 ("if the goods or the tender of delivery fail in any respect to the contract, the buyer may . . . reject the whole . . . .")

[4]Vladmir does seek exemplary damages under its fraud claim. However, exemplary damages are

were defective, the Defendants are looking for an empty chair to blame. Because Vladmir's claims are clearly based in contract, Chapter 33 of the Texas Civil Practice and Remedies Code is inapplicable and Defendants Motion for Leave should be denied.

### C. Defendants Have Not Met Applicable Pleading Requirements.

Assuming for purposes of argument only that the claims alleged by Vladmir fall with the parameters of Chapter 33, Defendants Motion should still be denied because it fails to plead sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

Under Texas Rule of Civil Procedure 47(a), a pleading is sufficient if it gives notice of the cause of action and facts being alleged so that the opposing party may adequately prepare a defense. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 n.4 (S.D. Tex. 2005) (citing *Roark v. Allen*, 633 S.W.2d 804, 809-10 (Tex. 1982)). "The actual cause of action and elements do not have to be specified in the pleadings; it is sufficient if a cause of action can be reasonably inferred." *Id.* at 784 n.4 (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

Here, the Defendants have not pled sufficient facts. Instead, they have simply asserted that the capacitors were manufactured in China and that there was a Chinese agent involved. Such facts do not satisfy the applicable pleading requirements.[5] Defendants have not pled any facts putting Vladmir on fair notice of the basis of the manufacturer or agent's liability for any of the claims asserted by Vladmir. For example, the Motion for Leave is devoid of any factual allegations that would support liability on the manufacturer or agent for the Defendants' breach of contract, fraud or

---

expressly precluded from Chapter 33. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(c)(2).

[5] After an adequate time for discovery has passed, "a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE § 33.004(l). The court shall grant the motion "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.*

misrepresentations. Nor are any facts pled that would support the manufacturer's or agent's liability for the DTPA, breach of warranty claims or alter ego claims asserted by Vladmir. In light of the pleading deficiencies, the Motion for Leave should be denied.

### III. CONCLUSION

The Defendants Motion for Lave to Designate Responsible Third Parties should be denied. Vladmir's claims sound in contract alone thus precluding the claims from the application of Chapter 33 of the Texas Civil Practice and Remedies Code. Chapter 33 by its express terms does not apply to the claims at issue. Even if it did, Defendants' Motion fails to plead sufficient facts to support liability on the part of the manufacture or its alleged agent. Defendants' offer no factual allegations sufficient to put Vladmir on notice of the potential liability of the third parties in question. Accordingly, Defendants' Motion for Leave to Designate Responsible Third Parties should be denied.

Respectfully submitted,

**PULMAN, CAPPUCCIO, PULLEN & BENSON, LLP.**
2161 N.W. Military Highway
Suite 400
San Antonio, Texas 78205
(210) 222-9494 Telephone
(210) 892-1610 Telecopier

By: _____
Eric A. Pullen
Texas State Bar No. 24007881

**ATTORNEYS FOR VLADMIR, LTD.**

## CERTIFICATE OF SERVICE

  I hereby certify that on the ___ day of September 2009, a true and correct copy of the above and foregoing has been transmitted via ***Facsimile and U.S. Regular Mail*** to:

Wade B. Shelton
Shelton & Valadez, P.C.
600 Navarro
Suite 500
San Antonio, Texas 78205

                _____
                Eric A. Pullen

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VLADMIR, LTD. | § | |
| | § | |
| PLAINTIFF | § | |
| v. | § | CIVIL ACTION NO. SA-08-CV-0819-XR |
| | § | |
| PACIFIC PARTS SUPPLY CO., INC. AND | § | |
| DELMER E. ROGHAIR | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S INITIAL DISCLOSURES

TO: DEFENDANTS, BY AND THROUGH THEIR ATTORNEYS OF RECORD:

Wade B. Shelton
Shelton & Valadez, P.C.
600 Navarro
Suite 500
San Antonio, Texas 78205

NOW COMES PLAINTIFF, VLADMIR, LTD. and makes the following Initial Disclosures pursuant to FED. R. CIV. P. 26:

### FED. R. CIV. P. 26(a)1(A):

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

### RESPONSE:

Vladmir, Ltd.                                            Plaintiff
1608 Universal City Blvd.
Universal City, Texas 78148

| | |
|---|---|
| Pacific Parts Supply Co., Inc.<br>2021 E. 4th Street<br>San Anna, California 92705-3912 | Defendant |
| Delmer E. Roghair<br>2021 E. 4th Street<br>San Anna, California 92705-3912 | Defendant |
| Walter R. Sirotiak<br>Vladmir, Ltd.<br>1608 Universal City Blvd.<br>Universal City, Texas 78148 | Plaintiff's President |
| Shaun Sirotiak<br>Vladmir, Ltd.<br>1608 Universal City Blvd.<br>Universal City, Texas 78148 | Plaintiff's Representative |
| Bob Alexander<br>Vladmir, Ltd.<br>1608 Universal City Blvd.<br>Universal City, Texas 78148 | Plaintiff's Representative |
| Jerry Waldrop<br>Chief Electrical Engineer<br>American Radionic Co. Inc.<br>32 Hargrove Grade<br>Palm Coast, Florida 32137 | Conducted Testing of Defective Capacitors |

Plaintiff also incorporates into this disclosure response any and all witnesses identified and/or disclosed by Defendants. Plaintiff reserves its right to supplement this response as additional witnesses and issues are identified during discovery.

**FED. R. CIV. P. 26(a)1(B):**

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

**RESPONSE:**

Plaintiff is in possession of correspondence with Defendant regarding: (a) the specifications for the capacitors in question; (b) purchase orders for the capacitors; (c) the defects in the capacitors; and (d) testing of the defective capacitors. Plaintiff is also in possession of correspondence with its customers regarding the defects in and replacement of the capacitors supplied by Defendants. Plaintiff is also in possession of documents evidencing its damages, including but not limited to the costs of freight for the U.S. made replacement capacitors, packaging for the replacement U.S. capacitors, legal expenses, interest expense and the cost of the U.S. made replacement capacitors. Plaintiff is also in possession of a large number of defective capacitors in its warehouse.

**FED. R. CIV. P. 26(a)1(C):**

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

**RESPONSE:**

Plaintiff's damages are ongoing and continue to accrue on a daily basis as more defective capacitors fail and require replacement. To date, Plaintiff's damages are as follows:

(a) Approximately $300,000 in defective capacitors currently housed in Plaintiff's warehouse that do not conform to specifications;
(b) $260,852.31 for purchase of U.S. made replacement capacitors as of October 1, 2008;
(c) $3,010.77 for freight for U.S. made replacement capacitors;
(d) $16,562.20 for packaging for U.S. made replacement capacitors;
(e) $722.46 for interest expense for one month of U.S. made replacement capacitors;
(f) Forgiveness of amounts due and owing to Defendant for defective capacitors in the amount of $112,489.10;
(g) Legal fees of approximately $6,000

**FED. R. CIV. P. 26(a)1(D):**

For inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Defendants are in possession of an insurance policy which has not been provided to Plaintiff. Plaintiff is only in possession of the Declarations Page from said policy..

**FED. R. CIV. P. 26(a)2:**

The identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705

of the Federal Rules of Evidence.

**RESPONSE:**

| | |
|---|---|
| Eric A. Pullen<br>Pulman, Cappuccio, Pullen & Benson, LLP<br>2161 N.W. Military Highway<br>Suite 400<br>San Antonio, Texas 78213<br>(210) 222-9494 Telephone | Will testify as to reasonable and necessary attorneys' fees and costs. |
| Jerry Waldrop<br>Chief Electrical Engineer<br>American Radionic Co. Inc.<br>32 Hargrove Grade<br>Palm Coast, Florida 32137 | Will testify as to material defects in capacitors. |

Respectfully submitted,

**PULMAN, CAPPUCCIO, PULLEN & BENSON, LLP.**
2161 N.W. Military Highway
Suite 400
San Antonio, Texas 78205
(210) 222-9494 Telephone
(210) 892-1610 Telecopier

By: *[signature]*
Eric A. Pullen
Texas State Bar No. 24007881

**ATTORNEYS FOR VLADMIR, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December 2008, a true and correct copy of the above and foregoing Plaintiff's Initial Disclosures have been transmitted via ***Facsimile and Certified Mail, Return Receipt Requested*** to:

> Wade B. Shelton
> Shelton & Valadez, P.C.
> 600 Navarro
> Suite 500
> San Antonio, Texas 78205

*/s/ Eric A. Pullen*
Eric A. Pullen