IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VLADMIR LTD., | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. SA-08-CV-819-XR |
| PACIFIC PARTS SUPPLY COMPANY and DELMER E. ROGAIR, | § § § § | |
| *Defendants*. | § § | |

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

On this date the Court considered Plaintiff's Motion for Leave to File its Third Amended Complaint (Docket Entry No. 70). Defendants have informed the Court that they do not oppose the motion. For the reasons discussed below, the motion is GRANTED. Plaintiff shall file the third amended complaint.

**Background**

Plaintiff, Vladmir, Ltd., is a Texas limited partnership with offices located in San Antonio, Texas. Defendant Delmer E. Roghair is a California resident and the President of Pacific Parts Supply Co., Inc. (Pacific), a California corporation. Vladmir, a HVAC component distributor, alleges that it began ordering certain air conditioning capacitors from Pacific in 2006. Prior to that time, Pacific and Roghair, the President of Pacific, made numerous representations to Vladmir regarding the capacitors' components and the quality of the capacitors. Specifically, Defendants represented that the capacitors were oil-filled and would conform to the life-cycle test for capacitors, spurring Vladmir to order over one-million capacitors. The capacitors were labeled with Vladmir's

1

name and sold to air-conditioning wholesalers in the United States.

Some time after, Vladmir learned that a large number of the capacitors were not operating as intended. Vladmir retained a capacitor manufacturer to test the capacitors. The manufacturer determined that the capacitors were filled with paraffin wax, not oil, and that the capacitors were not manufactured according to the specifications provided by Vladmir. Vladmir then requested the Defendants to accept a return of the defective capacitors and to provide for Vladmir new capacitors manufactured to specifications. The Defendants refused but represented that a second shipment of capacitors, already on route to Vladmir, would conform to specifications. Vladmir tested the second shipment upon receipt and determined that they were not manufactured according to specifications.

Vladmir asserts fraud and negligent misrepresentation claims against both Defendants and further asserts breach of contract, deceptive trade practices, and breach of express and implied warranty causes of action against Pacific. In July 2009, this Court granted Vladmir leave to amend its original complaint to include allegations of alter-ego liability.

**Plaintiff's Motion**

Vladmir seeks leave to file a third amended complaint to more specifically set forth the damages it will seek at trial. (Mot. for Leave to File 3d Am. Compl. ¶ 3 (Oct. 20, 2009) [Docket Entry No. 70].) Plaintiff makes its motion pursuant to Federal Rule of Civil Procedure 15(a). (*Id.* ¶ 1.) Vladmir's proposed Third Amended Complaint modifies the Background Facts of the current live Complaint. Vladmir does not seek to add or delete any claims. Defendants notified the Court that they do not oppose the motion. (Def.s' Advisory to the Court (Oct. 21, 2009) [Docket Entry No. 71].)

## Analysis

Generally, Rule 15(a) governs amendment of the pleadings before trial. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave, and provides that leave should be given "freely . . . when justice so requires." FED. R. CIV. P. 15(a). The Court may consider a variety of factors in exercising its discretion, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Plaintiff's motion, however, was filed *after* the expiration of the Court-ordered deadline to amend pleadings, and granting Plaintiff's motion would require a modification of the Court's scheduling order. Consequently, Plaintiff's motion must be made pursuant to Rule 16(b).

> Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* at 535 (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). As to post-deadline amendment, a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536). Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *S&W Enters.*, 315 F.3d at 536).

*Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Plaintiff provides no explanation for the failure to timely amend its complaint. Plaintiff had an opportunity to include this information the first time this Court granted it leave to amend its complaint, but Plaintiff failed to do so. Given that Vladmir states that some of the amendments will

contain information acquired during discovery, the Court will assume that Vladmir did not have the information available to it prior to filing its second amended complaint. The Court will view the amendment as important to the Plaintiff as Vladmir will "more specifically set forth the damages it will seek at trial." (Mot. ¶ 3.)

It is Defendants' lack of opposition to this amendment that holds the most sway in this Court's evaluation. That Defendants do not oppose the amendment demonstrates to the Court that there is no prejudice that will result from granting leave for Plaintiff to file an amended complaint. It is for this reason that the Court will find good cause to allow the amendment under rule 16(b).

The Court notes that there is no indication of undue delay or bad faith in Plaintiff's motion for leave to file the amended complaint. The amended complaint will not delay proceedings so there is no dilatory motive by Plaintiffs. Moreover, Defendants' lack of opposition to the amendment shows Plaintiff's amendment will not prejudice the Defendants. As a result, Vladmir may amend its complaint pursuant to rule 15(a).

## Conclusion

For the reasons stated above, Plaintiff's motion is GRANTED. Plaintiff shall file the third amended complaint.

It is so ORDERED.

SIGNED this 22nd day of October, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE