# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VLADMIR LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-819-XR |
| | § | |
| PACIFIC PARTS SUPPLY CO., INC., and DELMER E. ROGAIR, | § § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON MOTION FOR LEAVE TO AMEND COUNTERCLAIM

On this day, the Court considered Defendants' Motion for Leave to File their Third Amended Counterclaim (Docket Entry No. 76). Having reviewed the motion and Plaintiff's response, the Court DENIES Defendant's motion for leave.

## Background

Plaintiff Vladmir Ltd. ("Vladmir") is a HVAC component distributor that intended to establish a business relationship to obtain certain motor-run air conditioning capacitors for sale in the HVAC replacement market from Defendant Delmer E. Rogair, the president of Defendant Pacific Parts Sales Co., Inc. (incorrectly identified as Pacific Parts Supply Co., Inc.) ("Pacific"). Vladmir alleges that it began to receive customer complaints about the capacitors and that the capacitors were not manufactured according to its specifications. Vladmir filed suit against Pacific and Rogair, alleging: (1) breach of contract, (2) common law fraud and fraudulent inducement, (3) negligent misrepresentation, (4) violations of the Texas Deceptive Trade Practices Act, (5) breach of warranty, (6) revocation of acceptance, and (7) alter ego. Pacific filed a counterclaim against Vladmir for

1

breach of contract.

## Procedural Background

Vladmir filed this lawsuit in the 407th Judicial District Court of Bexar County, Texas, and Defendants answered. Defendants then removed the case to this Court and amended their answer, which included a counterclaim against Vladmir for breach of contract. Vladmir then filed its First Amended Complaint to which Rogair and Pacific answered.

Vladmir filed an opposed motion for leave to file a second amended complaint beyond the deadline established in the scheduling order. The Court granted the motion, but entertained and granted a motion by the Defendants for an extension of time to cure any prejudice. Defendants answered the second amended complaint and maintained their counterclaim for breach of contract.

Vladmir filed an unopposed motion for leave to file a third amended complaint beyond the deadline established in the scheduling order. Giving due consideration to Defendants' advisory to the Court that they did not oppose the amendment, the Court granted the motion, and Plaintiff filed its Third Amended Complaint.

Defendants answered the complaint, but they amended their counterclaim so that they could also seek remedies pursuant to the Uniform Commercial Code. After the amendment, Defendants filed their motion for leave to amend the counterclaim. (Pl.'s Mot. for Leave (Nov. 6, 2009) [Docket Entry No. 76].) Plaintiff opposes this motion. (Def.s' Resp. to Pl.'s Mot. for Leave (Nov. 6, 2009) [Docket Entry No. 79].)

## Legal Standard

Generally, rule 15(a) governs amendment of the pleadings before trial. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave, and provides that

2

leave should be given "freely . . . when justice so requires." FED. R. CIV. P. 15(a). Defendants' motion, however, was filed *after* the expiration of the Court-ordered deadline to amend pleadings, and granting Defendants' motion would require a modification of the Court's scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Consequently, Defendants' motion must be made pursuant to rule 16(b). According to the Fifth Circuit Court of Appeals:

> Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." [*S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)] (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). As to post-deadline amendment, a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." [*Sw. Bell Tel. Co.*, 346 F.3d at 546] (citing *S&W Enters.*, 315 F.3d at 536). Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *S&W Enters.*, 315 F.3d at 536).

*Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

**Analysis**

Rogair and Pacific are required to show good cause to amend its counterclaim against Vladmir. Citing rule 15(a) of the Federal Rules of Civil Procedure, Defendants' argument reads in total: "[T]he proposed Third Amended Counterclaim is identical in all respects to the Second Amended Counterclaim [Docket 45]. In short, there have been absolutely no substantive changes which would arguably prejudice Plaintiff. No new allegations or causes of action have been alleged or asserted." (Mot. at 2.) Here, Defendants do not meet the requirements of rule 16 to show good cause. They provides no reason for the failure to timely move for leave to amend.

Moreover, Rogair and Pacific do not explain whether they deem this amendment important.

3

Defendants claims that the counterclaim is "identical in all respects to the Second Amended Counterclaim," but there would be no need for leave to amend if that were the case. The Court's own review of the proposed counterclaim shows a claim for remedies under the Uniform Commercial Code, which were not part of the previous counterclaim. Such an addition would seemingly be of importance to Vladmir. However, Plaintiff's lack of an explanation for the importance of the amendment and its arguments that minimize the amendment do not allow the Court to find that this factor weighs in Defendants' favor.

Vladmir argues that it would be prejudiced by an amendment at this time. In spite of Vladmir's statement that the amendment is identical to the previous counterclaim, the proposed amended counterclaim seeks additional remedies. Pursuant to the Court's scheduling order, discovery ended on August 31, 2009, dispositive motions were due on September 11, 2009, and trial is scheduled for December 14, 2009. Vladmir would have no meaningful opportunity to obtain discovery or file a motion for summary judgment on Defendants' amended counterclaim that includes remedies pursuant to the Uniform Commercial Code.

Defendants seek this amendment just over one month before trial is scheduled to commence. Vladmir states that a continuance is not desirable. Defendants have answered Plaintiff's petition and complaints multiple times and have not included a claim for remedies based on the Uniform Commercial Code.[1] The Court has already amended its scheduling order on Defendants' motion to

---

[1] Defendants filed an answer to Plaintiff's original petition in Texas state court. After Defendants removed the case to federal court, they filed their Amended Answer to Plaintiff's Complaint, which included a counterclaim for breach of contract; Answers to Plaintiff's First Amended Complaint, which included a counterclaim that alleged a breach of contract; and filed their Answer to Plaintiff's Second Amended Complaint, maintaining their counterclaim that alleged a breach of contract. Defendants did, however, change the alleged value owed under the contract from $150,000 to $115,000 to $150,000. Plaintiff did not object. Defendants now seek leave to amend

mitigate any prejudice cause by an amended pleading by Vladmir. Defendants did not request a motion for leave to amend their counterclaim at that time. Defendants did not oppose Vladmir's recent motion to amend its pleading and that amendment did not result in a need for a continuance. That is not the case here. Here, the Court would need to reopen discovery, issue a new deadline for dispositive motions, and reschedule the trial date—within weeks of the schedule pretrial conference and one month before trial.

## Conclusion

Defendants have failed to show cause to warrant the Court revising its scheduling order so that Defendants may amend their counterclaim. Therefore, Defendants' motion for leave to amend the counterclaim is DENIED. Defendants are ORDERED to resubmit their Answer to Plaintiff's Third Amended Complaint with the answers that they presented in Docket Entry No. 74 no later than Wednesday, November 18, 2009. If Defendants wish to pursue their counterclaim, the resubmitted Answer must include the counterclaim as it existed in Docket Entry No. 45.

It is so ORDERED.

SIGNED this 10th day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

their counterclaim in their Answer to Plaintiff's Third Amended Complaint.