IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VLADMIR LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-08-CV-819-XR |
| | § | |
| PACIFIC PARTS SUPPLY CO., INC., and | § | |
| DELMER E. ROGAIR, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTION FOR RECONSIDERATION**

On this day, the Court considered Plaintiff's Motion for Reconsideration of the Court's Order on Motions for Summary Judgment (Docket Entry No. 83).  Having considered Plaintiff's motion and Defendant's response, Plaintiff's motion is hereby GRANTED IN PART AND DENIED IN PART.

**Background**

Plaintiff Vladmir Ltd. ("Vladmir") is a HVAC component distributor that intended to establish a business relationship to obtain certain motor-run air conditioning capacitors for sale in the HVAC replacement market from Defendant Delmer E. Rogair, the president of Defendant Pacific Parts Sales Co., Inc. (incorrectly identified as Pacific Parts Supply Co., Inc.) ("Pacific").  Vladmir alleges that it began to receive customer complaints about the capacitors and that the capacitors were not manufactured according to its specifications.  Vladmir filed suit against Pacific and Rogair, alleging: (1) breach of contract, (2) common law fraud and fraudulent inducement, (3) negligent misrepresentation, (4) violations of the Texas Deceptive Trade Practices Act, (5) breach of warranty,

1

(6) revocation of acceptance, and (7) alter ego. Pacific filed a counterclaim against Vladmir for breach of contract.

**Procedural History**

Pacific and Rogair filed three motions for partial summary judgment on Vladmir's claims of fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act (DTPA). Plaintiff's responses identified the six alleged representations upon which it based its claims: (1) that Pacific had factories in China, (2) that Pacific was an agent of the manufacturer, (3) that Roghair had knowledge and experience selling capacitors, (4) that the capacitors would rival U.S.-made capacitors, (5) that Roghair would be in direct contact with the manufacturer, and (6) that the capacitors would function properly. The Court granted in part and denied in part Defendants' motions for partial summary judgment, ruling that Vladmir could not establish a claim for fraud, negligent misrepresentation, or violations of the DTPA on the aforementioned first four alleged representations: that Defendants had factories in China, that Pacific was an agent of the manufacturer, that Roghair had knowledge and experience selling capacitors, and that the capacitors would rival U.S.-made capacitors.

Vladmir filed its motion for the Court to reconsider it order on Defendants' motions for partial summary judgment. (Mot. for Reconsideration of Order on Mot.s for Summ. J. (Nov. 13, 2009) [Docket Entry No. 83] ("Mot.").) Plaintiff argues that a fact issue exists as to whether Defendants represented that Pacific was the agent of a Chinese capacitor manufacturer and that Defendants' representation regarding the quality of the capacitors is actionable. Defendants respond that Vladmir fails to meet the legal standards by which it can obtain reconsideration of the Court's order. (Def.s' Mem. in Opposition to Pl.'s Mot. for Reconsideration of Order on Mot.s for Summ.

J. (Nov. 16, 2009) [Docket Entry No. 84] ("Resp.").)

**Legal Standard**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. *See Lavespere v. Niagara Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of the judgment at issue or as a motion for relief from a judgment or order under Rule 60(b) when filed after ten days of the challenged order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004); *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *see also* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment.) Application of Rules 59(e) and 60(b) requires entry of a final judgment. *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) ("The policy interests underlying Rules 59 and 60, securing the finality of judgments, were not implicated in this case because the action was still proceeding against other defendants in the district court.").

A court reconsiders an interlocutory order pursuant to Rule 54(b). *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, Inc., 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981). An order on a motion for summary

judgment is an interlocutory order, and the the Court may reconsider its decision. *Lavespere*, 910 F.2d at 185. In a recent opinion, our sister court discussed the standards related to the reconsideration of an interlocutory order.

> Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court. *See Livingston Down Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La.2002). And the standard would appear to be less exacting than that imposed by Rules 59 and 60. *See id.* Even so, considerations similar to those under Rules 59 and 60 inform the Court's analysis. *See id.*; *see also McLaughlin v. Unum Life Ins. Co. of Am.*, 212 F.R.D. 40, 41 (D. Me. 2002) (discussing the standard for review of an interlocutory order). That is, considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear upon the Court's review of the motion for reconsideration. *See McLaughlin*, 212 F.R.D. at 41; *also cf. Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (stating a motion to reconsider is not the proper vehicle for rehashing old arguments or raising arguments that could have been presented earlier).

*Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, -- F. Supp. 2d ---, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009). Reconsideration is an "extraordinary remedy" that courts should use "sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

**Analysis**

*A. Representation that Defendants were Agents of Chinese Manufacturers*

Plaintiff points to and attaches the deposition testimony of Vladmir President Walter Sirotiak to establish that a material issue of fact exists as to whether Rogair represented that Pacific was an agent for a Chinese manufacturer. (Mot. at 2–3.) Vladmir did not present this deposition testimony as evidence in any of its responses to Defendants' motions for summary judgment nor is it within any of the evidence provided by Defendants. Consequently, Vladmir precluded the Court from considering this evidence when it considered the motions for partial summary judgment. The Fifth Circuit Court of Appeals has evaluated cases under similar circumstances in which a party seeks

4

reconsideration of a court's summary judgment order based on evidence that the party neglected to present to the Court. The Fifth Circuit has "held that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 2004)). When a party seeks to have a court reconsider an order on summary judgment by producing additional evidence, the court should consider (1) the reasons for the movant's default, (2) the importance of the omitted evidence to the movant's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. *ICEE Distribs, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 848 (5th Cir. 2006) (quoting *Templet*, 367 F.3d at 482).

Here, Plaintiff provides no basis for its failure to include this excerpt of Mr. Sirotiak's deposition testimony. The deposition testimony was available to Vladmir prior to the time Defendants filed their motions for summary judgment. Defendants filed the motion on September 10 and September 11, 2009, and Mr. Sirotiak's deposition of took place on February 25, 2009. The Court, however, is reluctant to penalize Vladmir Corp. for its counsel not presenting evidence that could preclude an adequate adjudication of the merits of this case.

Conversely, Defendants do not provide the Court with a significant argument to prevent it from exercising its discretion on this motion. (*See* Resp.) Defendants merely stated that Plaintiff failed to meet the standards for a motion for reconsideration, but do not couch their argument on the appropriate standard. (*Id.*) More importantly, Defendants do not assert any prejudice that would result from granting the motion. The Court recognizes that its order on the motions for partial

summary judgment did not dismiss *any* of Vladmir's claims; it only precluded Vladmir from using some representations that would form the basis of its claims. If the Court were to allow Vladmir to pursue this representation as a basis for its existing claim, it would not force Defendants to prepare for an entire cause of action that it believed that the Court had dismissed.[1]

Pursuant to the Court's discretionary authority under Rule 54, the Court will reconsider its order on Defendants' motions for partial summary judgment regarding the representation that Rogair and Pacific were agents of Chinese manufacturers. Again, the Court is inclined to adjudicate the case on its merits.

Here, Vladmir presents direct testimony from a corporate representative that Defendants stated that they were the agents of a Chinese manufacturer.

> Q: Okay. What—tell me the—the in your own words, how Pacific Parts has defrauded you.
> A: I would have never put this much money into the hands of somebody that wasn't dealing directly with the manufacturer had I known it. He—he represented that he was an agent for the factory in China.

Dep. of Walter Sirotiak 130:12–17 (Feb. 25 2009) (Mot. ex. A). This statement alone presents an issue of material fact that, under Rule 59(e), would warrant a denial of Defendant's motion for partial summary judgment on this representation. As a result, the Court takes note of the evidence provided to reconsider its order that granted Defendants' motions for partial summary judgment as it pertains to the representation that Defendants were the agents of a Chinese manufacturer.[2] There being an

---

[1] Had Vladmir sought to use this evidence to argue for reconsideration of an entire claim, then the Court would have likely found its actions prejudicial. Here, under the totality of the circumstances of the case, the Court finds that prejudice is minimal given that the parties are already preparing for trial on claims for negligent misrepresentation, fraud, and violations of the DTPA.

[2] Vladmir challenged the reliance that the Court placed on the testimony of Bob Alexander, Vladmir's Vice President of Marketing. (Mot. at 3.) Plaintiff argues that Mr. Alexander "never

issue of material fact, the Court will deny Defendants' motions for partial summary judgment regarding this representation.

*B. Representations Regarding the Quality of Capacitors*

Here, Vladmir presents no new issues of law or fact upon which it bases its claim for the Court to reconsider its motion nor does it argue that manifest injustice would result from the Court's refusal to reconsider the order on the motions for summary judgment. Plaintiff argues that the Defendants' alleged representation that the capacitors would rival any U.S.-made capacitors constitutes an actionable misrepresentation. (Mot. at 5.) Vladmir acknowledges *Paull v. Capital Resource Management, Inc.*, in which a Texas state court stated that a fraud claim may be maintained "when a speaker purports to have special knowledge of the facts, or does have special knowledge of the facts." 987 S.W.2d 214, 219 (Tex. App.—Austin 1999, pet denied). Vladmir then provides deposition testimony to establish that the representations provided by Rogair were not mere opinions or puffery.[3] Again, Plaintiff attempts to rely on testimony that it failed to provide to the

---

stated that he believed the Defendants were not the agent of the Chinese manufacturer . . . . His description is not controlling and does not negate any fact issue." (Mot. at 2.) The motion for reconsideration is "not the proper vehicle for rehashing evidence . . . ." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Court notes, however, that in rendering its decision on summary judgment, it had no other evidence by which to evaluate the allegation that Rogair represented that Pacific was an agent of a Chinese manufacturer. No affidavit and no deposition testimony established that Rogair made such a representation. Mr. Johnson testified: "[Pacific] was an outsourcing company . . . . And that's the way that I looked at him. And some people might refer to him as an agent, some people as a broker. Everybody puts their own twist to it. He was an outsourcing company that we dealt with." Alexander Dep. 89:23–90:3. This testimony alone failed to establish that Rogair represented that Pacific was an agent of a Chinese manufacturer.

[3]The Court notes that "a statement of fact is one that (1) admits of being adjudged true or false in a way that (2) admits of empirical verification." *Presidio Enterps., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 679 (5th Cir. 1986). Plaintiffs point to vague references to "equal or better" and "quality" without providing a specific measurable basis to evaluate these terms. Had

7

Court in its evaluation for summary judgment. In any case, even if the Court were to consider the testimony, the statements demonstrate that Rogair commented on the quality of the products. Plaintiff does not establish that Rogair purported to have any special knowledge of the facts regarding the quality of the product. The comments cited by Plaintiff support its allegations that the capacitors failed to function properly, which Plaintiff may pursue since the Court denied Defendants' motions on this alleged representation.

**Conclusion**

Pursuant to the Court's authority under Rule 54 of the Federal Rules of Civil Procedure and Fifth Circuit authority, Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's motion for reconsideration of the Court's order on Defendants' motions for partial summary judgment. In its reconsideration of its Order on Defendants' Motions for Partial Summary Judgment, the Court DENIES Defendants' Motions as they pertain to the alleged representation that Rogair and Pacific were agents of a Chinese manufacturer.

It is so ORDERED.

SIGNED this 20th day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

Vladmir alleged specific representations related to the lifetime of the product, then the claim would be actionable.